UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **YVONNE JOHNSON**, *Plaintiff,* v. **UNITED STATES OF AMERICA**, *Defendant.* | 3:24-cv-03051-MGL **COMPLAINT** |

The Plaintiff alleges the following against the Defendant:

1. Plaintiff is a citizen and resident of the State of Georgia.

2. Defendant operates the Department of Veteran Affairs which is a federal agency organizing and existing as party of the executive branch of the United States.

3. This action is brought by the Plaintiff pursuant to the Federal Tort Claims Act, 28 U.S.C. §2674.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1346(b).

5. Plaintiff has completed the prerequisites to filing required by 28 U.S.C. §2675.

## FACTS

6. The Fort Jackson National Cemetery ("Cemetery") at Fort Jackson, in Columbia, South Carolina, is a part of and falls under the care, custody, control, and/or the authority of the United States Department of Veteran Affairs which is operated by the Defendant.

7. On or about October 8, 2021, the Plaintiff was present at the Cemetery.

8. Shortly after entering the Cemetery, the Plaintiff slipped on loose gravel and rocks

-2-

on the ground.

9. There were no signs or warnings of loose gravel and rocks.

10. Plaintiff was severely injured in the fall.

## **FOR A FIRST CAUSE OF ACTION**

### (Negligence)

11. At the time of Plaintiff's fall, Defendant knew or should have known of the dangerous condition on its property, specifically loose rocks and gravel that caused a fall hazard.

12. At the time of the Plaintiff's fall, the Defendant knew or should have known the loose gravel and rocks located on its premises created an unreasonable risk of injury to guests, including the Plaintiff.

13. Defendant had a duty to keep its premises safe and/or warn guests of any dangerous conditions of which Defendant was aware or should have been aware.

14. Defendant breached its duty to Plaintiff in a negligent, grossly negligent, and reckless way in one or more of the following particulars:

   a. In failing to keep its premises in a reasonably safe condition.

   b. In failing to warn guests, including Plaintiff, of the existence of a dangerous condition.

   c. In failing to take adequate measure to prevent the Cemetery from being unreasonably dangerous.

   d. In failing to take any measures to reduce the danger of loose gravel and rocks to the guests of the Cemetery.

   e. In failing to act as a reasonable and prudent governmental agency.

15. Defendant's breach of its duty to Plaintiff is the direct and proximate cause of damages to Plaintiff.

HAVING fully pled her causes of action, Plaintiff respectfully requests this Honorable Court grant her all relief available and any other award she may be entitled to under any theory.

    Respectfully Submitted,

    s/ Joshua Snow Kendrick
    Joshua Snow Kendrick (Fed ID 9037)
    Christopher S. Leonard (Fed ID 10998)
    KENDRICK & LEONARD, P.C.
    1516 Richland Street (29201)
    P.O. Box 886
    Columbia, SC 29202
    Tel: (803) 667-3186
    Josh@KendrickLeonard.com

    Trevor P. Eddy (Fed ID 12447)
    THE EDDY LAW FIRM, LLC
    1516 Richland Street
    Suite B
    Columbia, SC 29201
    803-250-5402
    Trevor@TheEddyLawFirm.com

May 16, 2024
Greenville, South Carolina